**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4102-18T4

JOSEPH J. TOLOTTI,

    Plaintiff-Respondent,

v.

UNITED SERVICES
AUTOMOBILE ASSOCIATION,
an insurance agency authorized
to do business in the state of
New Jersey,

    Defendant-Appellant.

_____

Argued February 6, 2020 – Decided February 21, 2020

Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0607-17.

Mario John Delano argued the cause for appellant (Campbell, Foley, Delano & Adams, LLC, attorneys; Mario J. Delano, on the briefs).

Vincent J. Pancari argued the cause for respondent (Capizola, Pancari, Lapham & Fralinger, PA, attorneys; Vincent J. Pancari, on the brief).

PER CURIAM

This is a declaratory judgment action concerning insurance coverage. Defendant, United Services Automobile Association (USAA), insured plaintiff Joseph Tolotti's pick-up truck under a New Jersey Standard Auto Policy (the Policy). Tolotti also owned a golf cart, which was not identified on the Policy as a covered vehicle. When a third party alleged he suffered injuries proximately caused by Tolotti's negligent operation of the golf cart, Tolotti sought a defense and indemnification from USAA. USAA denied coverage. Tolotti filed this declaratory judgment action. The trial court found in his favor, declared the USAA Standard Auto Policy provided coverage, and awarded Tolotti counsel fees and costs. USAA appeals. Because the Policy's plain language excludes coverage, we reverse.

The facts are undisputed. USAA insured Tolotti's pick-up truck under the Policy, which was in effect on March 17, 2016—the day, according to the complaint later filed against Tolotti, his negligent operation of the golf cart caused the personal injury plaintiff to be thrown from the golf cart and injured. The golf cart is not identified as a covered vehicle in the USAA policy, nor has Tolotti ever asked USAA to add it to the policy as a covered vehicle.

2

The Policy includes a "Declarations Page" that identifies Tolotti as the named insured and his pick-up as the covered vehicle. Another page includes the "Agreement" and "Definitions." The definition of "miscellaneous vehicle" includes "a motorcycle, moped or similar type vehicle; motor home; golf cart, snowmobile; all-terrain vehicle; or dune buggy."

Following the definitions, the policy is divided into "Parts," which provide coverages, such as Personal Injury Protection Coverage and Medical Payments Coverage. The part relevant to this dispute is "Part A – Liability Coverage."

The "Liability Coverage" part defines a "covered person." Next is the "Insuring Agreement," which declares:

> We will pay compensatory damages for [Bodily Injury] or [Property Damage] for which any covered person becomes legally liable because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. Our duty to settle or defend ends when our limit of liability for these coverages has been paid or tendered.
>
> We have no duty to defend any suit or settle any claim for [Bodily Injury] or [Property Damage] not covered under this policy.

Following other provisions not relevant to this appeal, the Policy's Liability Part contains "Exclusions." The parties' central dispute turns on the

3

interpretation of the exclusions in subsections "B(1)" and "B(2)."  These subsections state:

> B.    We do not provide Liability Coverage for the ownership, maintenance, or use of:
> > 1.    Any vehicle, other than your covered auto, unless that vehicles is:
>
> > > . . . .
>
> > > c.    A miscellaneous vehicle having at least four wheels[.]
>
> > > . . . .
>
> > 2.    Any vehicle, other than your covered auto, that is owned by you, or furnished or available for your regular use.

In his declaratory judgment action, Tolotti argued the juxtaposition of exclusions B(1) and B(2), the first providing coverage under the exception to the exclusion, and the second excluding coverage, creates an ambiguity.  This ambiguity, he argued, is required by settled and longstanding legal principles concerning interpretation of insurance contracts to be interpreted against USAA and in favor of coverage.

USAA disagreed.  It argued that exclusion B(1), its exception, and exclusion B(2) are all clear.  USAA disagreed that an ambiguity could arise from two clauses, each clear.  To interpret two clear clauses in that way, it continued,

4

would violate a fundamental underpinning of insurance and a prevailing principle of insurance law: insurance companies do not insure, and insureds are not entitled to coverage for, a risk for which no premium has been paid.

The trial court denied USAA's motions for summary judgment and reconsideration. When the case came on for trial, the court determined that its previous orders were dispositive of the legal issues in the lawsuit, there being no genuinely disputed material facts. The court entered an order requiring USAA to defend and indemnify Tolotti.

Having prevailed on his first-party coverage claim against USAA, Tolotti applied to the court for fees and costs, which the court granted. This appeal ensued. The parties present essentially the same arguments they made in the trial court.

Our review of the trial court's orders is de novo because the interpretation of an insurance policy presents a question of law. Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med. & Physical Therapy, 210 N.J. 597, 605 (2012). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

We begin with some basic tenets. "The fundamental principle of insurance law is to fulfill the objectively reasonable expectations of the parties." Werner Indus., Inc. v. First State Ins. Co., 112 N.J. 30, 35 (1988). Generally, when interpreting an insurance policy, we give its words their plain, ordinary meaning. Kimber Petroleum Corp. v. Travelers Indem. Co., 298 N.J. Super. 286, 300 (App. Div. 1997). Courts should not "engage in a strained construction to support the imposition of liability." Progressive Cas. Ins. Co. v. Hurley, 166 N.J. 260, 273 (2001).

If a policy's language is clear, the policy should be enforced as written to fulfill the reasonable expectations of the parties. Passaic Valley Sewerage Comm'rs v. St. Paul Fire & Marine Ins. Co., 206 N.J. 596, 608 (2011). Courts must "'avoid writing a better insurance policy than the one purchased.'" Villa v. Short, 195 N.J. 15, 23 (2008) (quoting President v. Jenkins, 180 N.J. 550, 562 (2004)).

On the other hand, if a policy's terms are ambiguous "they are construed against the insurer and in favor of the insured, in order to give effect to the insured's reasonable expectations." Flomerfelt v. Cardiello, 202 N.J. 432, 441 (2010) (citing Doto v. Russo, 140 N.J. 544, 556 (1995)). Generally, if an insurance policy's terms are susceptible to at least two reasonable alternative

interpretations, an ambiguity exists. Nester v. O'Donnell, 301 N.J. Super. 198, 210 (App. Div. 1997).

Here, neither party contends that either exclusion B(1) or exclusion B(2) is ambiguous. Rather, plaintiff contends the juxtaposition of the clauses creates the ambiguity. Plaintiff argues: "Reading the plain language of each results in one wherein coverage is afforded and the other wherein coverage is not. . . . How is an insured supposed to figure out coverage when he or she reads the provisions indicated?" He adds: "More so, the first provision sets forth a scenario whereby coverage is afforded. The second one takes it away."

Plaintiff's argument overlooks two settled principles of insurance law. First, "only genuine ambiguities engage to the so-called 'doctrine of ambiguity[.]'" Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 246 (1979) (quoting DiOrio v. N.J. Mfrs. Ins. Co., 79 N.J. 257, 269 (1979)). As the Supreme Court noted in Weedo, "[w]e conceive a genuine ambiguity to arise where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage. In that instance, application of the test of the objectively reasonable expectation of the insured often will result in benefits never intended from the insurer's point of view." 81 N.J. at 247. Here, no such ambiguity exists.

7

Next, the argument that an exclusion and its exception, read in conjunction with another exclusion, creates a reasonable expectation of coverage, overlooks another basic principle:

> [E]ach exclusion is meant to be read with the insuring agreement, independently of every other exclusion. The exclusions should be read seriatim, not cumulatively. If any one exclusion applies there should be no coverage, regardless of inferences that might be argued on the basis of exceptions or qualifications contained in other exclusions. There is no instance in which an exclusion can properly be regarded as inconsistent with another exclusion, since they bear no relationship with one another.
>
> [Id. at 248 (citations omitted).]

Exclusion B(2) is unambiguous. Read independently of every other exclusion, ibid., it excludes coverage for owned vehicles, other than a covered auto identified on the Policy's declaration page; that is, it excludes coverage for the golf cart. The trial court's judgment and order awarding fees and costs are thus reversed.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4102-18T4